IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PFUNTNER CUSTOM HOMES, LLC | § | CASE NO. 22-32582 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE CHRISTOPHER M. LOPEZ |

### TRUSTEE'S MOTION TO REJECT EXECUTORY CONTRACT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Christopher M. Lopez,
United States Bankruptcy Judge**:

COMES NOW Ronald J. Sommers, Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy case and would show as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and arises in and/or under Title 11. The statutory predicate for the relief sought herein is 11 U.S.C. § 554, Federal Rule of Bankruptcy Procedure 6006.

2. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3. This Court has constitutional authority to enter a final order regarding this matter. This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception. *See Id.*

4. On September 2, 2022 (the "Petition Date"), Pfuntner Custom Homes, LLC (the "Debtor") filed for voluntary Chapter 7 bankruptcy protection. On the same date, the Trustee was appointed interim trustee. The § 341 meeting of creditors is set for October 19, 2022.

5. On the Petition Date, the Debtor was a party to a pre-petition lease of commercial real estate located at 925 Clubside Dr., East Bernard, 77435, Wharton County, Texas. The Lease was entered into by the Debtor and Manley Rentals, Inc., the landlord, on or about June 1, 2021, with a term of 36 months and a base rent of $6,500.00 per month (the "Lease"). On July 27, 2022, Manley Rentals, Inc., sent notice of the Debtor's default under the Lease for non-payment of rent for the month of July 2022 and abandonment of the premises. Further, pre-petition, the Debtor appears to have entered into subleases of certain portions of the Leased property with Doll House Fashion, East Bernard Liquor, Souly Beautiful, Maria's Eatery and Willie B, LLC.

6. On information and belief:

- The Debtor has also not paid rent for since July 2022;
- The Debtor was locked out of the leased premises pre-petition;
- The landlord has entered into new leases with all of the subtenants; and
- The landlord has taken the position that the Lease terminated pre-petition;

7. The Lease contains a provision that allows the Debtor a purchase option of the leased property. The Trustee has investigated the potential for exercise of the purchase option in conjunction with a sale of the underlying property to third-party buyer. However, after taking into consideration all likely costs of sale, including but not limited to, broker commissions, cure costs and administrative costs, the Trustee does not believe that exercise of this option will result in an economic benefit to the estate.

8. The Trustee requests entry of an Order rejecting the Lease, and derivatively the purchase option, effective as of the Petition Date as, on that date, the Debtor was no longer in possession of the leased premises and no longer had subleases with its former tenants. Further, while the Trustee does not currently dispute the landlord's contention that the Lease terminated pre-petition, it is possible that it did not; however, rejection as of the Petition Date would moot any dispute over that issue.

WHEREFORE based on the foregoing, the Trustee requests all relief set out herein and for such other and further relief to which entitlement may be shown.

          Respectfully submitted,

          */s/ Marc Douglas Myers*
          _____
          Marc Douglas Myers
          Ross, Banks, May, Cron & Cavin, P.C.
          SBN 00797133
          7700 San Felipe, Suite 550
          Houston, Texas 77063
          (713) 626-1200; (713) 623-6014 fax
          mmyers@rossbanks.com
          COUNSEL FOR THE TRUSTEE