IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PFUNTNER CUSTOM HOMES, LLC | § | CASE NO. 22-32582 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE CHRISTOPHER M. LOPEZ |

**TRUSTEE'S EMERGENCY MOTION TO COMPEL PRODUCTION OF GOOGLE DRIVE
AND BANKING ACCESS INFORMATION AND TO ENJOIN DESTRUCTION OF EVIDENCE**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

*FOR THE REASONS STATED BELOW, THE TRUSTEE REQUESTS EMERGENCY CONSIDERATION OF, OR A HEARING ON, THE RELIEF SOUGHT HEREIN AT THE COURT'S EARLIEST CONVENIENCE*

**To the Honorable Christopher M. Lopez,**
**United States Bankruptcy Judge**:

COMES NOW Ronald J. Sommers, Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy case and would show as follows:

**A. Jurisdiction, Venue and Constitutional Authority**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) and arises in and/or under Title 11.   The statutory predicate for the relief sought herein Federal Rule of Bankruptcy Procedure 9019.

2.       Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3.       This Court has constitutional authority to enter a final order regarding this matter.   This

motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)).  In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception.  *See Id.*

## B. Background

4.        On September 2, 2022 (the "Petition Date"), Pfuntner Custom Homes, LLC (the "Debtor") filed for voluntary Chapter 7 relief.  On the same date, the Trustee was appointed interim trustee and has since become permanent trustee.

5.        Pre-petition, the Debtor was in the business of constructing and/or improving residential homes.

6.        The Debtor's principal, Mr. David Pfuntner, has admitted in testimony during the § 341 meeting of creditors held in this case on October 4, 2022, October 19, 2022, November 2, 2022 and November 16, 2022, to the use of funds of the Debtor for his and his family's personal benefit.  Mr. Pfuntner has also testified that the Debtor did not segregate funds of customers for specific construction projects from funds of other customers or funds generally of the Debtor.  Each of these creditor meetings have been robustly attended by creditors.  Further, although the Debtor scheduled $842,088.44 in creditor claims, the damages assertible by creditors whose contracts were breached by the Debtor likely have claims that greatly exceed this amount[1].

7.        The Trustee is currently investigating the pre-petition financial transactions of the Debtor and, while he has been able to take possession of a number of paper records, due to their disorganized state, it is currently unclear whether they represent a complete and accurate picture of the Debtor's financial

---

[1] For example, filed at Docket Number 27 is the Trustee's motion to compromise with Steven and Stephanie Kyles, who had contracted with the Debtor to construct their home.  The Kyles claim that cover costs to complete construction of their home after the Debtor's default, and to correct defective work done by the Debtor, will exceed $500,000.  There are numerous creditors/claimants with claims similar to that of the Kyles.

history.   Moreover, to be fair, the Debtor has been timely producing copies of document requested by the Trustee as those requests are made; however, due to the complicated history of the Debtor's transactions, additional information will be needed as more than $10,000,000.00 flowed through the Debtor's account in the 1-year period prior to the bankruptcy filing.   At the continued meeting of creditors held on November 16, 2022, Mr. Pfuntner testified that the entirety of the Debtor's business records existed on a Google Drive as follows:

> **Q** – Okay these computers that, or monitors whatever that Marc picked up, uh do they have all the company records on the hard drive?
>
> **A** - Ummm, I mean yeah, we have you know google one drive where we save everything so I can access them from any computer.
>
> **Q** - Okay that is where you are accessing these records from your house, right?
>
> **A** - Yes from my laptop at home.
>
> **Q** - Are there records of anybody else's on that google drive other than the debtor?
>
> **A** - I may have some personal stuff on there like in my google one drive but that is it.

8.       After hearing this testimony, the Trustee, through counsel, instructed the Debtor to turn over, that same day, all information necessary to access the Google Drive containing the Debtor's business records.   Mr. Pfuntner was also admonished that no data should be deleted or removed from the Google Drive.   The Debtor further testified at the meeting that online access to the Debtor's bank account at Prosperity Bank was still available and the Trustee, through counsel, also instructed the Debtor to turn over this access information as well.   As of the date of filing of this motion, Mr. Pfuntner has failed and refused to provide the information necessary to access the Google Drive or the Debtor's online Prosperity Bank account.

## C. Request for Relief

9.       The Trustee requests entry of an Order compelling Mr. Pfuntner to turn over all information necessary for the Trustee to remotely access the Google Drive and the Debtor's Prosperity Bank account and review/copy/download all information thereon.   The Trustee further requests that Mr. Pfuntner be

ordered to provide all assistance reasonably necessary to facilitate the Trustee's access to all data and information on an ongoing and as needed basis. The Trustee further requests that Mr. Pfuntner and all third parties with access to, or which may be given access to, the Google Drive, be immediately enjoined from deleting, altering, removing any information or data therefrom or otherwise impeding the Trustee's ability to access information or data.

10.     The Trustee posits that the foregoing relief is appropriate as the data on the Google Drive, and contained in the Debtor's Prosperity bank account, is property of the estate to which only the Trustee in entitled to possession and control thereof.

11.     The Trustee posits that emergency relief is warranted given Mr. Pfuntner's current sole possession and control of this information and his refusal to comply with the Trustee's instructions for turnover of access information. The Trustee is justifiably concerned that Mr. Pfuntner may alter and/or destroy information which may lead to the recovery of assets in this case.

WHEREFORE based on the foregoing, the Trustee requests all relief set out herein and for such other and further relief to which entitlement may be shown.

Respectfully submitted,

/s/ Marc Douglas Myers
_____
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF ACCURACY

I certify that the basis proffered for emergency relief is based upon a good faith investigation of the facts alleged.

/s/ Marc Douglas Myers
_____
Marc Douglas Myers